UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LOUIS D.,

                Plaintiff,

      v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

Case No. C20-6244 RSM

**ORDER REVERSING DENIAL OF BENEFITS**

Plaintiff appeals denial of his applications for Supplemental Security Income and Disability Insurance Benefits. Plaintiff contends the ALJ erred by rejecting two medical sources' opinions and failing to consider the need to elevate his legs, and the Appeals Council erred by rejecting evidence of mental health impairment. Dkt. 17. As discussed below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

**BACKGROUND**

Plaintiff is 42 years old, has a high school education, and has worked as a security guard and a pharmacy technician. Dkt. 15, Admin. Transcript (Tr.) 24, 41. Plaintiff applied for benefits in August 2017, alleging disability as of June 15, 2012. Tr. 14. The ALJ held three hearings. At the first hearing, Plaintiff did not appear but his attorney did. Tr. 36. At the second

ORDER REVERSING DENIAL OF
BENEFITS - 1

hearing, Plaintiff was unrepresented and the ALJ gave him a continuance to find counsel. Tr. 49, 53.  At the third hearing, Plaintiff chose to proceed unrepresented.  Tr. 63.

In May 2020, the ALJ issued a decision finding Plaintiff not disabled.  Tr. 14-26.  The ALJ found Plaintiff had the non-severe mental impairment of adjustment disorder, and severe physical impairments of history of ulnar nerve decompression, neuropathy, cellulitis, venous insufficiency, diabetes, hypertension, cirrhosis, and obesity.  Tr. 17.  The ALJ found Plaintiff could perform light work, with his left lower extremity further limited to frequent pushing or pulling and his right upper extremity limited to frequent handling and occasional fingering or feeling.  Tr. 19.

## DISCUSSION

This Court may set aside the Commissioner's denial of Social Security benefits only if the ALJ's decision is based on legal error or not supported by substantial evidence in the record as a whole.  *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017).

**A.    Medical Opinions**

An ALJ considers the persuasiveness of medical opinions using five factors (supportability, consistency, relationship with claimant, specialization, and other), with supportability and consistency being the two most important factors.  20 C.F.R. §§ 404.1520c(b)(2), (c), 416.920c(b)(2), (c).  The decision must explain how the ALJ considered the factors of supportability and consistency, and must be supported by substantial evidence.  20 C.F.R. §§ 404.1520c(b), 416.920c(b).

**1.    Shirley Deem, M.D.**

Dr. Deem examined Plaintiff in March 2018 and diagnosed him with diabetes, hypertension, and chronic cellulitis in his lower legs, left greater than right.  Tr. 776, 779.  She

opined he could perform light work, occasionally reaching overhead and occasionally handling, fingering, or feeling.  Tr. 779.

The ALJ found Dr. Deem's opinions "somewhat persuasive" but rejected the manipulative limitations, noting Dr. Deem "did not indicate whether the manipulative limitations applied to both of the claimant's upper extremities or just one, but there is no support in the record for limitations to both upper extremities."  Tr. 23.  The ALJ then recounted Dr. Deem's findings supporting right extremity limitations.  *Id.* ("tingling in two right fingers, pain reaching to his elbow and shoulder, and cramping when using his hands").  There is no dispute Plaintiff's upper extremity impairment is limited to his right side.  The Commissioner contends the "lack of specificity" made Dr. Deem's opinions less persuasive.  Dkt. 20 at 8.  However, there is no indication Dr. Deem was asked to specify whether the manipulative limitations she opined were based on impairments in the right, left, or both extremities.  Given that the Dictionary of Occupational Titles (DOT) does not specify right, left, or both extremities for manipulative requirements, it was unreasonable to reject Dr. Deem's limitations for failure to do so.  *See, e.g.*, DOT § 222.587-038, Router, 1991 WL 672123 (4th ed. 1991) ("Reaching: Frequently … Handling: Frequently … Fingering: Occasionally").

The ALJ also rejected Dr. Deem's opined manipulative limitations as inconsistent with the medical evidence.  Dkt. 20 at 8-9.  Plaintiff had surgery to treat his right ulnar neuropathy on September 5, 2018, several months after Dr. Deem's examination.  Tr. 821.  The ALJ cited treatment notes in July and August 2019 showing Plaintiff "[d]enie[d] numbness, tingling, weakness" and his providers found "no focal motor and sensory deficit[.]"  Tr. 908, 912, 914, 918.  This was substantial evidence supporting the ALJ's finding that surgery eventually successfully treated Plaintiff's right ulnar neuropathy.  However, it is unclear whether this

ORDER REVERSING DENIAL OF
BENEFITS - 3

impairment met the 12-month durational requirement before being successfully treated. *See* 20 C.F.R. §§ 404.1505(a), 416.905(a) (Social Security disability can only be based on inability to work due to impairments that have "lasted or can be expected to last for a continuous period of not less than 12 months" or result in death). Treatment notes indicate Plaintiff sought treatment on October 6, 2017, for weakness, numbness, and tingling in his right elbow and two right fingers, beginning three weeks prior. Tr. 791. After conservative measures failed to improve his symptoms, Plaintiff was referred to surgery. Tr. 796-97. The ALJ did not address whether a year elapsed from the onset of symptoms until Plaintiff recovered from surgery and his symptoms were fully relieved. On remand, the ALJ should assess the evidence, including Dr. Deem's opinions, regarding whether Plaintiff's ulnar impairments met the durational requirement.

The Court concludes the ALJ erred by discounting Dr. Deem's opined manipulative limitations without considering whether they applied to a limited period of time.

    **2.    Iandine Paras, M.D.**

On October 6, 2017, Plaintiff sought treatment from Dr. Paras for intermittent numbness and tingling in two of his right fingers, associated with weakness, and right elbow discomfort, that began three weeks prior. Tr. 791. Dr. Paras found right ulnar numbness. Tr. 792.

During the appointment,[1] Dr. Paras filled out a Documentation Request for Medical or Disability Condition form. Tr. 780. He opined Plaintiff's "mild right ulnar neuropathy" made him unable to work because he was "unable to lift heavy objects" and had "reduce[d] dexterity on affected hand." Tr. 780. Dr. Paras opined Plaintiff could lift 10 pounds maximum. Tr. 71.

---

[1] While the form is undated, Dr. Paras' treatment notes indicate he filled it out on this date. Tr. 791 ("Disability form was completed today").

ORDER REVERSING DENIAL OF
BENEFITS - 4

He opined the condition was likely to last three months, and wrote that it "may improve with conservative measures or surgery if severe." Tr. 781.

In February 2018, after conservative measures failed to improve his symptoms, Plaintiff was referred to surgery. Tr. 796-97. Surgery was performed in September 2018. Tr. 821.

The ALJ found Dr. Paras' opinions "unpersuasive" because "subsequent examination notes indicate that this limitation lasted only three weeks" and although Plaintiff was referred to an orthopedic surgeon, "the record did not indicate whether he saw a surgeon." Tr. 23 (citing Tr. 791, 796-97). This was an inaccurate representation of the record. Plaintiff's symptoms had already lasted three weeks when he first sought treatment. Tr. 791. Because subsequent conservative treatment was unsuccessful, Plaintiff underwent surgery approximately a year later. Tr. 796-97, 821. An ALJ may not reject evidence based on an inaccurate portrayal of the record. *See Reddick v. Chater*, 157 F.3d 715, 722-23 (9th Cir. 1998) (ALJ's decision unsupported by substantial evidence where his "paraphrasing of record material is not entirely accurate regarding the content or tone of the record").

The Commissioner argues Dr. Paras' opined three-month limitations did not meet the 12-month durational requirement. Dkt. 20 at 10. Because the ALJ's decision does not contain such an analysis, the Commissioner's contention is an improper *post hoc* argument upon which the Court cannot rely. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225 (9th Cir. 1995). Duration of the ulnar impairment is the precise issue the ALJ failed to resolve.

As with Dr. Deem's opinions, the Court concludes the ALJ must assess the evidence, including Dr. Paras' opinions, regarding whether Plaintiff's ulnar impairment met the durational requirement.

ORDER REVERSING DENIAL OF
BENEFITS - 5

**B.     Letter to Appeals Council from DJ Lane, LMHC**

In June 2020, after the ALJ's decision, Mr. Lane wrote a letter stating he had been Plaintiff's "[m]ental health provider for the past 3 years," during which time Plaintiff's "condition continued to worsen."  Tr. 10.  Mr. Lane wrote, "Currently he is unable to properly participate in his own case" because when "overwhelmed, he will simply shut down and stop responding."  *Id*.

The Appeals Council found Mr. Lane's letter did "not relate to the period at issue."  Tr. 2.  Plaintiff contends the letter "indicat[ed] a decline in the Plaintiff's mental health functioning prior to his hearing that caused his attorney to withdraw…[, which] indicates a decline in mental health functioning that was not considered by the ALJ."  Dkt. 17 at 5.  Plaintiff argues the letter is "evidence which completely contradicts the ALJ's claim that the Plaintiff has no mental health limitations."  Dkt. 21 at 3.  However, Mr. Lane's letter specifically refers to a contemporaneous period.  Tr. 10 ("Currently he is unable to properly participate in his own case.").

The Court concludes the Appeals Council did not err by finding the letter did not relate to the period prior to the ALJ's decision.

**C.     Leg Elevation**

Plaintiff contends the ALJ erred by failing to consider how often he needs to elevate his legs due to recurrent cellulitis with vascular insufficiency.  Dkt. 17 at 6.  Plaintiff points to a treatment note that advises: "Elevate legs as often [sic], prescribed compression stockings[.]"  Tr. 745.  This does not indicate how often Plaintiff should elevate his legs.  Plaintiff mischaracterizes another treatment note as stating he has "about 2-3 episodes of cellulitis per year."  Dkt. 17 at 6 (citing Tr. 515).  In fact, the treatment note states in the Past Medical History section: "He has about 2 to 3 episodes a year, hypertension."  Tr. 515.  Cellulitis is noted to be

ORDER REVERSING DENIAL OF
BENEFITS - 6

"[r]ecurrent," but no frequency is indicated.

An ALJ "need not discuss *all* evidence presented to her. Rather, she must explain why 'significant probative evidence has been rejected.'" *Vincent v. Heckler*, 739 F.2d 1393, 1394–95 (9th Cir. 1984) (alteration in original) (quoting *Cotter v. Harris*, 642 F.2d 700, 706 (3d Cir. 1981)). The two mischaracterized treatment notes Plaintiff cites are not significant probative evidence.

The Court concludes Plaintiff fails to show the ALJ erred in evaluating his need to elevate his legs.

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

On remand, the ALJ should assess the evidence regarding the duration of Plaintiff's ulnar impairment, including Dr. Deem's and Dr. Paras' opinions; reevaluate the RFC if appropriate; and proceed to step five if necessary.

DATED this 18th day of August, 2021.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE